UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
TENNESSEE AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) No. 2:17-CR-24 |
| v. | ) JUDGE GREER ) |
| DESI STEVEN REYNOLDS | ) |

### FACTUAL BASIS IN SUPPORT OF PLEA OF DEFENDANT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and defendant, DESI STEVEN REYNOLDS and the defendant's attorney, Donald Spurrell, have agreed and stipulated to the following facts. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in this case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

A) On February 9, 2017, the defendant was involved in a traffic stop. While driving on Interstate-26 an investigator observed the defendant exceed the posted 55 miles per hour speed limit, the vehicle reached an approximate top speed of 70 miles per hour. The investigator activated his emergency equipment to conduct a traffic stop. The defendant did not initially stop. He instead began to drive down the Unaka exit ramp. The defendant failed to make a complete stop at the red light when turning onto East Unaka Avenue from the exit ramp. He then came to a stop on East Unaka Avenue, where the investigator made contact with the defendant. The driver and sole occupant was the defendant, DESI STEVEN REYNOLDS. The investigator immediately detected a strong odor of marijuana emanating from the vehicle and some type of masking fragrance. The defendant did not have a driver's

license on his person.

B) The defendant was asked to exit the vehicle. A weapons pat down was conducted on the defendant while other investigators searched the vehicle. In the vehicle, they located a small bag of marijuana in the center console of the vehicle. They also located a small black bag that smelled of marijuana and contained a digital scale with white powdery substance and a razor blade.

C) Investigators observed the defendant chewing on something. He was instructed to spit it out and open his mouth. The defendant's tongue was green and he admitted to eating marijuana.

D) The defendant gave permission to search his person. The investigator located approximately $1,007 of cash in the defendant's front left pocket. In the defendant's crotch-area was a bag of what felt like marijuana buds. Upon closer inspection of the bag, investigators discovered two separate bags of crack-cocaine. One bag weighed approximately 41.7 grams and the other weighed approximately 15.3 grams. The three bags of marijuana weighed approximately 31.54 grams. The traffic stop was captured on investigators' in-car video.

E) The defendant subsequently spoke to investigators after being informed of his *Miranda* rights. He stated that the marijuana was his, for personal use, and the crack cocaine was not his.

F) The defendant now admits that he possessed the crack cocaine with the intent to distribute in the Eastern District of Tennessee.

G) The defendant agrees and stipulates that the amount of crack cocaine that he should be held accountable for is at least 28 grams but less than 112 grams of cocaine base ("crack").

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

10/25/18
Date

By: *[signature]*
THOMAS MCCAULEY
Special Assistant U.S. Attorney

10-23-18
Date

*[signature]*
DESI STEVEN REYNOLDS
Defendant

10-23-18
Date

*[signature]*
DONALD SPURRELL
Attorney for the Defendant

3